**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | **CRIMINAL CASE NO. PWG-17-0268** |
| QUINCY O'NEILL TAYLOR, | * | |
| Defendant. | * | |
| | * | |

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

## MEMORANDUM OPINION AND ORDER

Quincy O'Neill Taylor pled guilty to two offenses related to drug trafficking while possessing a firearm and was sentenced to 120 months in prison, forfeiture of assets, a special assessment, and a term of supervised release. Pending is Taylor's motion to vacate his conviction and sentence under 28 U.S.C. § 2255. ECF No. 37. Taylor argues that he received ineffective assistance of counsel, his conviction violates the Equal Protection Clause, and that his guilty plea should be withdrawn. *Id.* For the reasons discussed below, each of Taylor's arguments fails and his motion is DENIED.

## Background

Taylor was charged in a two-count indictment for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). Indictment, ECF No. 1. On December 1, 2017, pursuant to a written Plea Agreement with the Government, Taylor entered a "guilty" plea as to both Counts. Plea Agreement, ECF No. 25. For acceptance of responsibility and prompt entry of a guilty plea, Taylor received a three-level reduction in offense level under the Sentencing Guidelines.

Sentencing Transcript at 4:25-5:5, ECF No. 41. As agreed in the Plea Agreement, Taylor acknowledged under oath his understanding that Count 1 carried a mandatory minimum sentence of imprisonment of five years and Count 2 carried a mandatory minimum sentence of imprisonment to be imposed consecutively to any sentence on Count 1. Plea Agreement at 2; Re-arraignment Transcript at 7:11-9:12, ECF No. 44. As also agreed in the Plea Agreement, Taylor acknowledged under oath that he was waiving his right to appeal his conviction and to appeal any sentence imposed within the sentencing guidelines range for the agreed-upon offense level of 21 on Count 1, followed by the mandatory minimum consecutive sentence on Count 2. Plea Agreement at 2-3.

Upon finding that Taylor's plea was knowing and voluntary, the Court adjudged Taylor guilty. Re-arraignment Transcript at 27:12-28:23. The Court sentenced Taylor to a total sentence of 120 months incarceration. ECF No. 34. The Court also imposed a supervised release term of four years; imposed a $200 special assessment; and issued a Forfeiture Order for the firearm at issue in Count 2, 440 rounds of ammunition, three extended magazines, and $34,640 in connection with the charges. ECF Nos. 33, 34. Upon request of the defense counsel, the Court entered an order modifying Taylor's release conditions to remove electronic monitoring. ECF No. 32.

Now pending is Taylor's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 37, in which he contends that his trial counsel failed to provide effective assistance, that his sentence is a violation of the Equal Protection Clause, and that he is entitled to withdraw his guilty plea. The motion is fully briefed.[1]

---

[1] *See* ECF Nos. 37, 42, 51, 52. A hearing is not necessary. *See* Loc. R. 105.6.

## Standard of Review

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside, or correct a sentence on the ground that it "was in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . ." The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the Court may summarily deny the motion without a hearing "if [as here] the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4563376, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978); 28 U.S.C. § 2255(b).

## Discussion

### I. Ineffective Assistance of Counsel

Taylor argues that his sentence was in violation of the Constitution based on a claim of ineffective assistance of counsel. Ineffective assistance of counsel claims are evaluated under the two prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). As the Fourth Circuit explained:

> *Strickland* announces a two-part test for evaluating a lawyer's effectiveness. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (quoting *Strickland*, 466 U.S. at 687–88, 694.

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and there is "a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Fields*, 956 F.2d at 1297–99.

As to the second prong, Taylor must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A probability is reasonable if it is "sufficient to undermine confidence in the outcome." *Id.* Additionally, the defendant must show that "the 'result was fundamentally unfair or unreliable.'" *Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Lockhard v. Fretwell*, 506 U.S. 364, 369 (1993)); *see also Lockhard*, 506 U.S. at 369 ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). Because a prisoner has nothing to lose by attacking his guilty plea, strict adherence to the *Strickland* standard is essential when reviewing the choices an attorney made at the plea bargain stage. *Premo v. Moore*, 562 U.S. 115, 125 (2011); *United States v. Santiago*, 632 F. App'x 769, 773 (4th Cir. 2015) (per curiam). In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Taylor "bears the burden of proving *Strickland* prejudice," and the Court need not consider the performance prong if Taylor fails to show prejudice. *Fields*, 956 F.2d at 1297.

Taylor argues that he received ineffective assistance of counsel for several reasons. First, Taylor asserts that his counsel should have attempted to challenge the Government's weighing of the cocaine powder, because his sentence would be lesser if there were 499 grams of cocaine instead of 500. Taylor's Motion at 14. Second, Taylor maintains that because the firearm was found across the room from the cocaine, and because he might reasonably possess a firearm as a part of his occupation, the firearm was not possessed "in furtherance of a drug trafficking crime," as is required for a conviction under 18 U.S.C. § 924(c)(1)(A)(i). *Id.* at 14, 58-60. Taylor also claims that he received ineffective advice of counsel that caused him to plead guilty under false pretenses, under coercion, and without an understanding of the implications of mandatory minimum sentencing. *Id.* at 61-62. Further, he accuses his counsel of failing to negotiate a reasonable plea deal. *Id.* at 60.

However, given his plea agreement and his admissions at his plea hearing, Taylor fails to show that he was prejudiced by his counsel's failure to contest these factual matters. To the contrary, Taylor acknowledged under oath that he understood the terms of the plea agreement, that the facts were true and that he was in fact guilty, that he had discussed the plea agreement with his attorney, and that he was satisfied with the help his attorney gave him. Re-arraignment Transcript at 5:6-6:2, 26:12-23. Taylor further acknowledged under oath that his plea was not the result of force, threats, or promises other than the promises in the plea agreement. Re-arraignment Transcript at 5:18-21. Nothing indicates that Taylor would have insisted on going to trial, but for the advice of his counsel. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (requiring the defendant to show that there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial but for his counsel's errors). Taylor now makes contradictory allegations that cannot be given any weight: in the absence of extraordinary circumstances, "allegations in a

§ 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). There are no extraordinary circumstances present in this case to justify discarding Taylor's sworn statements in favor of his new unsupported allegations against his trial counsel.

Therefore, Taylor has not shown that he was prejudiced by his counsel's allegedly deficient conduct. If the defendant fails to show prejudice, the Court need not consider the performance prong. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697). Thus, Taylor's claim of ineffective assistance of counsel fails.

## II. Equal Protection Claim

To state a cognizable claim for denial of equal protection, Taylor must allege discriminatory intent as well as disparate impact. In other words, "[t]o succeed on an equal protection claim, [Taylor] must first demonstrate he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). A law is not unconstitutional solely because it has a racially disproportionate impact. *Washington v. Davis*, 426 U.S. 229, 239 (1976). Rather, the statute is deemed valid if "it bears a rational relation to some legitimate end." *Vacco v. Quill*, 521 U.S. 793, 799 (1997) (citing *Romer v. Evans*, 517 U.S. 620, 631 (1996)).

Taylor argues that the mandatory minimum sentences provided for in the Anti-Drug Abuse Act of 1986 violate his right to equal protection because they "target conduct associated with members of a protected class" and have a discriminatory purpose and effect. Taylor's Motion at 54-57. He further contends that his sentence is not in line with sentences received by others in

comparable cases and that it is a "manifest injustice" for him to receive ten years as a "first time non-violent offender in these circumstances." *Id.* at 61. Taylor alleges that Congress was aware of the likely "invidious effect[s]" when the law was passed and that "racial animus" motivated the enactment. *Id.* at 17, 57.

Taylor fails to provide anything more than conclusory assertions and rank speculation that there was a discriminatory purpose in enacting the laws at issue here. Thus, even if there was a disparate impact, the statute will be deemed valid if "it bears a rational relation to some legitimate end." *Vacco v. Quill*, 521 U.S. at 799. For example, courts have found a rational basis for the disparities between sentences for offenses involving crack cocaine and those involving cocaine powder under the Anti-Drug Abuse Act of 1986, even though there is arguably a disparate impact on African Americans caused by that distinction. *See United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997) (finding that Congress could have rationally concluded that distribution of cocaine base warrants greater penalties because it is a greater menace to society than cocaine powder); *United States v. Branch*, No. CCB-05-cr-016, 2012 WL 642336, at *1 (D. Md. Feb. 24, 2012) (observing that racial bias from the crack/cocaine disparity does not amount to an equal protection violation based on the Fourth Circuit's finding of a rational basis for same).

Here, Congress had a rational basis to enact mandatory minimum sentences based on the quantity of narcotics possessed by the defendant. Indeed, the Fourth Circuit has repeatedly rejected equal protection challenges to the Anti-Drug Abuse Act of 1986, concluding that its mandatory minimum sentencing provisions bear a reasonable relation to proper legislative purposes. *See United States v. Whitehead*, 849 F.2d 849, 859-60 (4th Cir. 1988) (rejecting argument that minimum sentencing provisions included in the Anti-Drug Abuse Act of 1986 violated equal protection, explaining "Congress' approach of classifying punishment in relation to

the quantity of substances containing narcotics rather than to their purity is rationally related to its goal of sentencing criminals involved in the upper echelons of drug distribution more heavily than those less importantly involved.") (abrogated on other grounds); *United States v. Lackey*, No. 89-5440, 1990 WL 2272, at *2 (4th Cir. Jan. 12, 1990) (rejecting equal protection challenge to provision of the Anti-Drug Abuse Act of 1986, finding that "Congress could rationally have concluded that distribution networks dealing in large quantities of cocaine posed a special threat sufficient to warrant such penalties even for 'minimal' participants."); *United States v. Jackson*, 863 F.2d 1168, 1171 (4th Cir. 1989) (rejecting equal protection challenge to provision of the Anti-Drug Abuse Act of 1986, following *Whitehead*, 849 F.2d 849 (4th Cir. 1988)). Nothing presented by Taylor suggests that this case warrants a different conclusion. Congress also had a rational basis for concluding that mandatory minimum sentences keep those who deal a sufficiently large quantity of drugs off the streets, pursuant to its legitimate goals of curbing related criminal conduct and keeping narcotics out of the hands of children. *See* 132 Cong. Rec. S16489-01 (daily ed. Oct. 15, 1986) (statement of Sen. Hawkins) ("The fundamental crisis that confronts American justice and American values is narcotics. It's causal and triggers all of the other problems we face."); 132 Cong. Rec. S14270-01 (daily ed. Sept. 30, 1986) (statement of Sen. Biden) ("[T]his package provides for stronger new penalties for most drug related crimes, including mandatory minimum penalties . . . for those who sell their poisons to our children."). Taylor also does not provide any evidence to show that that his sentence differed from sentences of others who were similarly situated. Therefore, Taylor has not shown that his sentence violates his equal protection rights.

### III.    Withdrawal of Guilty Plea

Next, Taylor argues that he must be allowed to withdraw his plea of guilty. Taylor's Motion at 61. He claims that he entered the plea without understanding the nature of the charges against him or the elements of the offense and that his entry of the plea was not voluntary, but a result of coercion by his trial counsel. *Id.* Taylor also now claims that he did not commit the offenses with which he was charged, alleging that he did not have the requisite 500 grams of cocaine and that he did not possess or use the firearm in furtherance of a drug trafficking offense. *Id.* at 58-60; ECF No. 51 at 3-6.

A defendant has no absolute right to withdraw a guilty plea. *See United States v. Jones*, 1 F. App'x 165, 166 (4th Cir. 2001) (citing *United States v. Ewing*, 957 F.2d 115, 118 (4th Cir. 1992)). Rather, the defendant must show a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Barnes*, 358 F. App'x 412, 413 (4th Cir. 2009). To determine whether withdrawal is "fair and just," the Court turns to the six factors articulated in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.1991):

> The factors include (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Id.* Further, "a 'fair and just' reason for withdrawing a guilty plea is one that 'essentially challenges . . . the fairness of the Rule 11 proceeding.'" *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995) (quoting *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc)). Thus, a request to withdraw a guilty plea turns on whether the Rule 11 proceeding was properly conducted. *Jones*, 1 F. App'x at 167.

Here, the *Moore* factors weigh against withdrawal of Taylor's guilty plea. First, Taylor does not offer credible evidence that his plea was not knowing or voluntary. His assertions that he did not understand the charges against him or the consequences of pleading guilty, and that he was coerced into a guilty plea by his trial counsel, are belied by the record. Re-arraignment Transcript at 5:6-6:2, 27:12-28:23. Second, despite his recent arguments to the contrary, Taylor has not credibly asserted his legal innocence. Taylor has provided no evidence that he possessed any amount less than 500 grams of cocaine, and Taylor's analysis of the firearm possession charge is equally dubious. *See United States v. Nowell*, 757 F. App'x 218, 220-21 (4th Cir. 2018) (finding firearm under defendant's bed in separate room from drugs was constrictively possessed by defendant and shows use of the firearm in furtherance of drug trafficking crime). Rather, the evidence, as established by Taylor under oath, supports his convictions on both counts.[2] Re-arraignment Transcript at 23:24-26:17. Third, Taylor waited eight months after his guilty plea to attempt to withdraw it. *See* Plea Agreement (filed December 1, 2017); Taylor's Motion (filed August 1, 2018). Fourth, Taylor was assisted by counsel when he entered his guilty plea. As discussed, there is no credible indication that his counsel was incompetent, and such an assertion by Taylor contradicts his responses given under oath at his Rule 11 hearing. Re-arraignment Transcript at 5:22-6:2. Fifth, the Government would likely be prejudiced, given the resources already expended and the time that has passed since Taylor's guilty plea. Sixth, allowing Taylor to withdraw his guilty plea would inconvenience the Court and waste judicial resources,

---

[2] For the same reasons explained earlier, Taylor's affirmations made under oath during his plea hearing do not yield to his subsequent contradictory arguments. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[A]llegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'").

particularly given the time elapsed. Therefore, it would not be "fair and just" to withdraw the guilty plea, and Taylor's request to do so is denied.

**Conclusion**

In summary, Taylor failed to show he was prejudiced by his counsel's performance as required by *Strickland*. 466 U.S. at 694. Additionally, Taylor's argument that the mandatory minimum sentence provisions of the Anti-Drug Abuse Act of 1986 violated his constitutional right of equal protection is without merit, as such arguments already have been rejected in this jurisdiction. *See, e.g.*, *Jackson*, 863 F.2d at 1171. Finally, there is no basis for permitting Taylor to withdraw his guilty plea. Therefore, Taylor is not entitled to relief, and there need not be a hearing. *See Brown*, 2013 WL 4563376, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978); 28 U.S.C. § 2255(b). For the above reasons, Taylor's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence must be denied.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown v. United States*, Civil No. DKC-10-256, Crim. No. DKC-08-529, 2013 WL 4562276, at *10 (D. Md. Aug. 27, 2013). This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (Citing *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484

(2000)).  Because Taylor has not shown that a reasonable jurist "would find the court's assessment of the constitutional claim debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability. *See id.*; 28 U.S.C. § 2253(c)(2).  *Miller-El*, 537 U.S. at 336-38; *Slack*, 529 U.S. at 484.  However, this ruling does not preclude Taylor from seeking a certificate of appealability from the Fourth Circuit.  *See* 4th Cir. Loc. R. 22(b)(1).

## **ORDER**

For the reasons stated above, it is, this 31st day of October, 2019, hereby ORDERED that

1. Taylor's § 2255 Motion, ECF No. 37, IS DENIED; and

2. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-17-0268, and to MAIL a copy of it to Defendant and the Government.


_____/S/_____
Paul W. Grimm
United States District Judge